UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHELLEY L. STANGLER, P.C.
ATTORNEYS FOR PLAINTIFF
155 MORRIS AVENUE, 2ND FLOOR
SPRINGFIELD, NEW JERSEY 07081
TELEPHONE: (973) 379-2500
FACSIMILE (973) 379-0031

| | |
|---|---|
| ROBERT C. WILSON,<br><br>            Plaintiff,<br><br>      vs.<br><br>PASSAIC COUNTY, THE PASSAIC COUNTY JAIL, WARDEN MICHAEL TOLERICO, in his official, individual and personal capacities, DEPUTY WARDEN LISA WASHINGTON, in her official, individual and personal capacities, DIRECTOR CHARLES S. MEYERS, in his official, individual and personal capacities, SHERIFF RICHARD H. BERDNICK, in his official, individual and personal capacities, OFFICER FAREED, in his official, individual and personal capacities ARAMARK CORRECTIONAL SERVICES, GOURMET DINING LLC., KEEFE COMMISSARY NETWORK, SUPERVISORY OFFICIALS 1-10 (as yet unidentified governmental, county or state supervisors, agents or employees), CORRECTION OFFICERS 1-10 (as yet unidentified and unknown governmental, county, or state officials, supervisors, agents or employees), ABC ENTITIES 1-10 (as yet unidentified and unknown governmental entities, agencies, units or subdivisions and/or food service providers,<br><br>            Defendants. | CIVIL ACTION<br><br>CASE NO:<br><br><br><br><br><br><br><br>COMPLAINT AND JURY DEMAND |

Plaintiff, **ROBERT C. WILSON**, an inmate at the Passaic County **JAIL** in Paterson, State of New Jersey, by way of complaint against defendants, **PASSAIC COUNTY, THE PASSAIC COUNTY JAIL, SHERIFF RICHARD H. BERDNICK,  in his official, individual and personal capacities, WARDEN MICHAEL TOLERICO, in his official, individual and personal capacities,  DEPUTY WARDEN LISA WASHINGTON, in her official, individual and personal capacities, DIRECTOR CHARLES S. MEYERS, in his official, individual and personal capacities, OFFICER FAREED, in his official, individual and personal capacities, ARAMARK CORRECTIONAL SERVICES, GOURMET DINING LLC, KEEFE COMMISSARY NETWORK, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS  1-10** and **ABC ENTITIES 1-5 (as yet unidentified jails, police departments, sheriff's departments, governmental agencies, public entities, and/or food service providers),** alleges as follows:

## I.     PARTIES

1.     At all relevant times herein plaintiff **ROBERT C. WILSON ("WILSON")** was and is an inmate at the Passaic County **JAIL** in Paterson, County of Passaic and State of New Jersey.  He formerly resided at 212 Overmount Avenue, Apt. H, Woodland Park, Passaic County, New Jersey.

2.     At all relevant times herein defendant **PASSAIC COUNTY** was and is a public entity organized and existing pursuant to the laws of the State of New Jersey, with a place of business at 11 Sheriff's Plaza, Paterson, New Jersey 07501, engaged in the soliciting of bids and procurement of contracts for correctional food services.

3.     At all relevant times herein defendant **THE PASSAIC COUNTY JAIL (the "JAIL")** was and is a public entity and/or an agency or division of a public entity, organized and

existing pursuant to the laws of the State of New Jersey, with a place of business at 11 Sheriff's Plaza, Paterson, New Jersey 07501, engaged in the hiring, training and supervision of sheriff officers, and in the oversight of food service preparation, prisoner safety and delivery of medical care to inmates.

4.     At all relevant times herein defendant **WARDEN MICHAEL TOLERICO** was a chief supervisory official and executive of the **JAIL** acting in his official, individual and personal capacities under color of law, and was responsible for the supervision and oversight of the **JAIL**, including the development, promulgation and implementation of policies, procedures and standards relating to food service preparation, prisoner safety, and delivery of medical care to inmates.

5.     At all relevant times herein defendant **DEPUTY WARDEN LISA WASHINGTON** was a chief supervisory official at the **JAIL** acting in her official, individual and personal capacities under color of law, and was responsible for the supervision and oversight of the **JAIL**, including the development, promulgation and implementation of policies, procedures and standards relating to food service preparation, prisoner safety, and delivery of medical care to inmates.

6.     At all relevant times herein defendant **DIRECTOR CHARLES S. MEYERS** was a chief supervisory official at the **JAIL** acting in his official, individual and personal capacities under color of law, and was responsible for the supervision and oversight of the **JAIL**, including the development, promulgation and implementation of policies, procedures and standards relating to food service preparation, prisoner safety, and delivery of medical care to inmates.

3

7.     At all relevant times herein, defendant **SHERIFF RICHARD H. BERDNICK** was a supervisory official at the **JAIL** acting in his official, individual and personal capacities under color of law, and was responsible for the supervision and oversight of the **JAIL**, including the development, promulgation and implementation of policies, procedures and standards relating to food service preparation, prisoner safety, and delivery of medical care to inmates.

8.     At all relevant times herein, defendant Correctional **OFFICER FAREED** was an employee of the **JAIL** acting in his official, individual and personal capacities under color of law.

9.     At all relevant times herein, defendants **WARDEN TOLERICO, DEPUTY WARDEN WASHINGTON, DIRECTOR MEYERS, AND SHERIFF BERDNIK** were, upon information and belief, the chief supervisory officials or public entity supervisors of the aforementioned defendant entities, with complete authority and control over policymaking, supervision and training of the agents, servants and employees of the aforementioned defendants.

10.     At all relevant times herein, defendants **ARAMARK CORRECTIONAL SERVICES ("ACS")**, **GOURMET DINING LLC ("GDL")** and/or **KEEFE COMMISSARY NETWORK ("KEEFE")** were food service providers who provided on-site food service management and catering services for correctional markets in New Jersey, including but not limited to the **JAIL**, during the July 2011 time period.

11.     At all relevant times herein defendants **SUPERVISORY OFFICIALS 1-10** and **CORRECTIONS OFFICERS 1-10** are as yet unknown and unidentified officials, supervisors, agents, employees or entities.

12.     At all relevant times herein defendants **CORRECTIONS OFFICERS 1-10** are as yet unknown and unidentified officers, employees or agents of the **JAIL** responsible for the

4

operations, management, control, supervision, hiring, training and other duties of inmate trustees at the **JAIL** including but not limited to the food handling and preparation.

13.     At all relevant times herein defendants **ABC ENTITIES 1-5** (as yet unidentified, public entity departments, agencies, and/or private food service providers), were responsible for the supervision, management and control over the individual defendants, the **JAIL** and/or food services involved in the incident as alleged herein.

## II.     NATURE OF ACTION

14.     Plaintiff **WILSON** was an inmate at the **JAIL** who was working as a cook.

15.     On July 4, 2011 at approximately 3:30 a.m., plaintiff **WILSON** was working in the kitchen at the **JAIL**, boiling eggs in a large kettle or pot.

16.     The kettle or pot was the property of either the **JAIL, ACS, GDL** or **KEEFE**.

17.     The kettle or pot that inmates, including plaintiff **WILSON,** was forced to use had a broken spout through which water leaked.

18.     The kettle or pot with the broken spout had been in use at the **JAIL** for several years, and thus each and every defendant knew or should have known of the condition of the kettle or pot.

19.     Plaintiff **WILSON** was directed by defendant **FAREED** and/or Corrections Officers 1-10, to plug the hole in the spout by stuffing plastic bags into the hole and/or spout.

20.     On July 4, 2011, Plaintiff **WILSON** suffered serious and permanent personal injuries, including but not limited to third-degree burns, when the makeshift plastic bag popped out, causing hot water to splash on Plaintiff's right foot.

21.     Plaintiff **WILSON** institutes this action for compensatory and punitive damages arising out of the unlawful conduct and actions of the defendants, **WARDEN TOLERICO,**

**DEPUTY WARDEN WASHINGTON, DIRECTOR MEYERS, SHERIFF BERDNICK, OFFICER FAREED, ACS, GDL, KEEFE, SUPERVISORY OFFICIALS 1-10, and CORRECTION OFFICERS 1-10,** who, acting under color of state law and under the authority, custom and usage of the defendants **PASSAIC COUNTY, THE PASSAIC COUNTY JAIL,** and **ABC ENTITIES 1-10** violated the civil rights of plaintiff protected and secured under the Eighth and Fourteenth Amendments to the United States Constitution and under the laws of the United States, particularly under the Civil Rights Act, Title 42 of the United Stated Code, Section 1983 and Title 43 of the United States Code, Section 1985 (2) *et. seq.*

22.     Plaintiff **WILSON** also institutes this action pursuant to the laws of the State of New Jersey for damages arising by reason of negligence, pain and suffering, failure to properly hire, train and supervise, abuse of authority, failure to intervene and failure to protect, among other acts of negligence.

23.     Plaintiff also seeks relief for violation of constitutional rights under the New Jersey Civil Rights statute, Title 10, N.J.S.A. 6-1.

## JURISDICTION

24.     This Court has jurisdiction pursuant to Title 28 of the United States Code, Sections 1331, 1332, 1343 (2), 1343 (4), and Title 2 of the United States Code Sections 1983, 1985 (2) as well as pendent jurisdiction to adjudicate plaintiff's' causes of action on the state and common law claims.

25.     Venue is properly laid in the United States District Court of the District of New Jersey pursuant to Title 28 of the United States Code Section 1391(b) in that substantially all of the acts complained of herein occurred in the district and that the defendant are citizens of, reside in or are public entities of the State of New Jersey and domiciled within this district.

26.     The matter in controversy exceeds $75,000, exclusive of interest.

### III.     NOTICES OF CLAIMS

27.     Plaintiff served his Notice of Claim in the form prescribed by the New Jersey Statutes Title 59:8-4 and signed by plaintiff's representative upon the **PUBLIC ENTITY** defendants within the statutorily prescribed period.

28.     More than six (6) months have elapsed since service of the plaintiff's Notice of Claim and the claim remains unresolved.

29.     This action is commenced within two (2) years from the date of the occurrence.

### IV.     FACTUAL ALLEGATIONS

30.     Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through twenty nine (29) of the Complaint as if set forth fully herein at length.

31.     Plaintiff **WILSON** was an inmate at the **JAIL** who was working as a cook.

32.     On July 4, 2011 at approximately 3:30 a.m., plaintiff **WILSON** was working in the kitchen at the **JAIL.**

33.     Plaintiff **WILSON** was directed by defendant **FAREED, CORRECTIONS OFFICER 1-10** and/or an employee of **ACS, GDL** OR **KEEFE**, to boil eggs in a large kettle or pot.

34.     The kettle or pot was the property of either the **COUNTY**, the **JAIL, ACS, GDL, KEEFE or ABC ENTITIES 1-5**.

35.     The kettle or pot that inmates, including plaintiff **WILSON,** was forced to use had a broken spout through which water leaked.

36.     The kettle or pot with the broken spout had been in use at the **JAIL** for several years, and thus each and every defendant knew or should have known of the condition of the

kettle or pot and further knew or should have known that inmates, including Plaintiff, were using a pot with a hole in it to boil water.

37.     At all times material, each and every defendant knew or should have known that using a plastic bag to stuff a hole in a pot used to contain boiling liquids was a highly dangerous condition.

38.     Defendants knew or should have known that inmates, including Plaintiff, were required to follow all order and instructions of all defendants and would be subject to punishment for disobeying any order or instruction.

39.     Plaintiff **WILSON** was directed by defendant **FAREED, CORRECTIONS OFFICERS 1-10**, and/or an employee of **ACS, GDL** or **KEEFE**, to plug the hole in the spout by stuffing plastic bags into the hole and/or spout.

40.     On July 4, 2011, Plaintiff **WILSON** suffered serious and permanent personal injuries, including but not limited to third-degree burns, when the makeshift plastic bag popped out, causing hot water to splash on Plaintiff's right foot.

41.     Defendants **PASSAIC COUNTY AND THE JAIL** (together,  the "**PUBLIC ENTITY**" defendants), **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** thereafter failed to timely render medical attention to Plaintiff **WILSON**, exacerbating the pain and suffering and emotional distress that Plaintiff was experiencing.

42.     Plaintiff suffered emotional distress due to his permanent injury and disfigurement, and the stress of awaiting medical attention.

43.     At all relevant times herein **PASSAIC COUNTY, the PASSAIC COUNTY JAIL, ACS, GDL, KEEFE** and/or **ABC ENTITIES 1-5** knew or should have known that they

were violating the constitutional rights of the plaintiff by failing to protect him against this highly dangerous condition, by failing to properly supervise and train any and all persons in a supervisory position over Plaintiff **WILSON**, and did not act in good faith, either objectively or subjectively.

44. The **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** maliciously and with deliberate indifference and without cause deprived plaintiff of the rights, privileges and immunities granted to him under the United States Constitution and the New Jersey State Constitution by subjecting Plaintiff to a highly dangerous condition with full knowledge of potential and likely harm.

45. The conduct of the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** deprived plaintiff of his liberty, equal protection, due process and the rights, privileges and immunities granted to him under the United States Constitution and the New Jersey State Constitution.

46. At all relevant times herein defendants **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** were acting under color of law and within the scope of their authority as employees, agents and/or representatives of **PASSAIC COUNTY AND THE JAIL** (together, the "**PUBLIC ENTITY**" defendants).

47. At all relevant times herein the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** their agents, employees and representatives acted under

color of law, under the color of the United States Constitution and the New Jersey State Constitution, statutes, laws, charter, ordinances, rules, regulations, customs, usages, practices and policies of the **PUBLIC ENTITY** defendants.

48.   At all relevant times, regardless of the fact that Plaintiff **WILSON** was a prison inmate, the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** owed Plaintiff a duty to protect him from physical harm caused by dangerous instrumentalities.

49.   At all relevant times herein the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** ratified and maintained a custom, practice and/or policy of failing to hire, train supervise and/or discipline corrections officers, including the named defendants, in conformity with clearly established constitutional principles which govern their conduct, including the use, care and maintenance of kitchen equipment and rendering of proper and timely medical aid to inmates, and proscriptions against exposing inmates to highly dangerous conditions and failing to render proper and timely medical aid.

50.   At all relevant times herein the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** were responsible for the supplying, use, inspection, repair and/or maintenance of kitchen equipment in use at the **JAIL**, including but not limited to pots and pans, and the provision of proper and timely medical aid to inmates.

51.   At all relevant times herein the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10**

and **CORRECTION OFFICERS 1-10** were aware that prison inmates assisted in the preparation of food for the prison population and in so doing, used kitchen equipment that had been supplied, inspected, repaired and/or maintained by said defendants and which was in a highly dangerous condition.

52.     At all relevant times herein the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** failed to inspect, maintain and/or repair kitchen equipment.

53.     At all relevant times herein the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** were responsible for the conduct of the individual corrections officers as well as instruction, supervision, discipline and implementation of proper policies and procedures and oversight over the subject officers, including training regarding food preparation and the inspection, maintenance and/or repair of kitchen equipment, and the provision of proper and timely medical aid.

54.     At all relevant times herein the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10** acted with deliberate and conscious indifference to plaintiff's constitutional rights which violations arose out of a pattern and practice, custom and policy by each of the defendants, their employees, agents and representatives, in failing to instruct, supervise, discipline and implement proper kitchen equipment maintenance and proper and timely medical care; in failing to inspect, maintain and/or repair kitchen equipment and provide timely and proper medical care; and in allowing and permitting the use of dangerous

11

instrumentalities by the inmate population; permitting and condoning the use of dangerous instrumentalities in violation of procedures; in failing to discipline, in the failure to properly hire, train and supervise corrections officers in the proper conduct of their duties and the duties of inmates working in food preparation.

55.     At all relevant times herein **ACS, GDL, KEEFE** and/or **ABC ENTITIES 1-5** owed a duty to the inmates to whom they were supplying food services to supply, use, inspect, repair and/or maintain kitchen equipment in use at the **JAIL**, including but not limited to pots and pans, to ensure inmate safety

56.     At all relevant times herein **ACS, GDL, KEEFE** and/or **ABC ENTITIES 1-5** were aware that prison inmates assisted in the preparation of food for the prison population and in so doing, used kitchen equipment that had been supplied, inspected, repaired and/or maintained by said defendants.

57.     At all relevant times herein, **ACS, GDL, KEEFE** and/or **ABC ENTITIES 1-5** knew or should have known that they were failing to protect inmates, including Plaintiff, from a highly dangerous condition, by supplying defective kitchen equipment, by failing to inspect, maintain and/or repair kitchen equipment and by failing to properly supervise and train any and all persons responsible for food preparation who held a supervisory position over Plaintiff **WILSON**.

58.     Defendants **ACS, GDL, KEEFE** and/or **ABC ENTITIES 1-5** negligently, maliciously and with deliberate indifference and without cause supplied and/or failed to inspect, maintain and/or repair kitchen equipment – including a pot used to boil water that had a hole in it -- and/or failed to train the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and

12

**CORRECTION OFFICERS 1-10** in the proper use, inspection, maintenance and/or repair of kitchen equipment, thereby subjecting Plaintiff to a highly dangerous condition with full knowledge of potential and likely harm.

59.     It was reasonably foreseeable to each and every defendant that allowing inmates to use a pot with a hole in it to boil liquids was likely to cause harm to anyone using, or in the vicinity of said equipment.

60.     As a proximate result of the actions and inactions of each defendant, as described above, Plaintiff **WILSON** suffered severe and permanent burns, disfigurement and emotional distress.

<u>COUNT I</u>

**(42 U.S.C. Section 1983)**

61.     Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through sixty (60) of the Complaint as if set forth fully herein at length.

62.     By reason of the foregoing actions and inactions, including but not limited to the supplying of defective kitchen equipment, the failure to inspect, maintain and repair kitchen equipment, the failure to supervise and train personnel who supervised inmates, the requirement that inmates use known, highly dangerous kitchen equipment and the failure to promulgate and enforce effective policies and procedure to avoid the hazard and injury.  The **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-10** willfully, wantonly, recklessly and with deliberate indifference violated the civil rights of plaintiff and the rights, privileges and immunities secured under the Eighth and

Fourteenth Amendments of the United States Constitution by subjecting him to cruel and unusual punishment and depriving him of his due process rights.

63.     The **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-5,** their agents, servants and/or employees by reason of their acts, omissions, deliberate and conscious indifference to the rights of Plaintiff **WILSON**, failure and refusal to properly supervise or train inmates, corrections officers, **ACS, GDL, KEEFE** and/or **ABC ENTITIES 1-5,** in requiring, allowing and permitting inmates to use highly dangerous kitchen equipment, in failing to inspect, repair and/or maintain kitchen equipment owned by the Public Entity defendants or supplied to it by others, and failure to render proper and timely medical care to plaintiff, deprived plaintiff of his rights, privileges and immunities secured by the Eighth and Fourteenth Amendments of the United States Constitution.

64.     The aforedescribed acts of the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-10,** their agents, servants and/or employees were committed under the color of law and within their authority as corrections officers and employees of the **PUBLIC ENTITY DEFENDANTS** and **ABC ENTITIES 1-5** and were acting within the scope of their employment and pursuant to the authority vested in them by said defendants.

65.     The aforescribed acts of defendants **FAREED** and **CORRECTION OFFICERS 1-10**, were committed while under the directive and supervision of the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, SUPERVISORY OFFICIALS 1-10, ABC ENTITIES 1-5** and others in the chain of command.

14

66.     The **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-5,** their agents, servants and/or employees allowed, condoned and permitted inmates to use highly dangerous kitchen equipment, resulting in severe personal injuries and disfigurement to **WILSON.**

67.     The **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10** and **CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-5,** their agents, servants and/or employees deprived plaintiff of his constitutional rights, acting under color of statute, ordinance, regulation, custom or usage, official or unofficial policy.

68.     By reason of the foregoing, defendants violated the civil rights of Plaintiff **WILSON.**

69.     As a direct and proximate result of violation of constitutional rights as described, Plaintiff **WILSON** sustained serious, severe and permanent injuries, as well as other damages.

70.     By reason of the foregoing plaintiff has been damaged.

71.     WHEREFORE, plaintiff **ROBERT C. WILSON** demands judgment against the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-10** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

<u>**SECOND CAUSE OF ACTION**</u>

**(NEW JERSEY CIVIL RIGHTS ACT)**

72.     Plaintiff repeats and realleges each and every allegation contained in paragraphs

one (1) through seventy-one (71) of the Complaint and incorporates same by reference.

73.    By reason of the foregoing actions and inactions, including but not limited to the supplying of defective kitchen equipment and/or the failure to inspect, maintain and repair kitchen equipment, the failure to supervise and train personnel who supervised inmates, the requirement that inmates use known, highly dangerous kitchen equipment, the failure to promulgate and enforce effective policies and procedure to avoid the hazard and injury and the failure to render proper and timely medical care, the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-10** willfully, wantonly, recklessly and with deliberate indifference violated the civil rights of plaintiff and the rights, privileges and immunities secured under the New Jersey State Constitution.

74.    The **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-10,** through their agents, servants and/or employees, by their deliberate and conscious indifference to the civil rights of Plaintiff **WILSON**, as previously detailed, deprived plaintiff of his constitutional rights under Title 10 of the New Jersey Statutes, known as the New Jersey Civil Rights Act.

75.    By reason of the foregoing, defendants violated the civil rights of **WILSON.**

76.    By reason of the foregoing, and as a direct and proximate result of defendant's negligence and constitutional violations, plaintiff **WILSON** sustained serious and permanent injuries and permanent disfigurement.

77.    As a direct and proximate result of defendants' constitutional violations, Plaintiff was caused to suffer emotional distress, was prevented from engaging in his usual activities and

suffered other losses, all to his damage.

78.    WHEREFORE, plaintiff **ROBERT C. WILSON** demands judgment against the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, and **ABC ENTITIES 1-10,** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE)

79.    Plaintiff repeats and realleges each and every allegation contained in paragraph one (1) through seventy-eight (78) of the Complaint as set forth herein at length.

80.    At all relevant times, **PASSAIC COUNTY** was under a duty to ensure that its vendors, including but not limited to correctional facility food service providers, inspected, repaired and maintained kitchen equipment in use at the **JAIL** and/or that **PASSAIC COUNTY** itself inspected, repaired and maintained kitchen equipment and otherwise ensured inmate safety at the **JAIL**.

81.    At all relevant times, the **JAIL** was under a duty to ensure that its vendors, including but not limited to correctional facility food service providers, inspected, repaired and maintained kitchen equipment in use at the **JAIL** and/or that the **JAIL** itself inspected, repaired and maintained kitchen equipment in use at the **JAIL** and otherwise ensured inmate safety.

82.    At all relevant times, **ACS, GDL** and/or **KEEFE** were under a duty to inspect, repair and maintain kitchen equipment used to prepare the food that it supplied to the **JAIL**.

83.    At all relevant times herein defendants were under a duty to act reasonably in the performance of their duties, and to prevent any reasonably foreseeable injuries to inmates.

84.     At all relevant times herein defendants were under a duty to act reasonably in following and maintaining proper protocol, procedures, policy, rules and guidelines enacted and propounded with respect to their duties, and to properly train and supervise their employees and anyone else under their supervision and/or control, including inmates.

85.     Defendants breached their duty to Plaintiff by failing to inspect, repair and/or maintain the kettle or pot with the hole, in directing inmates to plug the hold with a plastic bag, in failing to property hire, retain, train and supervise their employees or anyone else under their control with respect to the inspection, repair, maintenance and use of defective or broken kitchen equipment, and/or to provide proper and timely medical care to inmates, and/or to properly implement, enact, enforce, follow and maintain proper protocol, procedures, policies, rules and guidelines and were otherwise negligent under the circumstances.

86.     Defendants breached their duty to Plaintiff in failing to properly discipline sheriff officers who allowed inmates to work with defective or broken kitchen equipment, and/or who failed to deliver proper or timely medical care and in particular to avoid and prevent the acts complained of herein.

87.     Defendants knew or should have known that inmates, including Plaintiff **WILSON**, were using a pot with a hole in it to boil water.

88.     Defendants knew or should have known that inmates, including Plaintiff **WILSON**, were required to follow all order and instructions of all defendants and would be subject to punishment for disobeying any order or instruction.

89.     Plaintiff **WILSON** was ordered to use the pot containing the hole, and to plug the hole with a bag.

90.     The injuries suffered by Plaintiff **WILSON**, including but not limited to burns

and permanent disfigurement, were reasonably foreseeable to any person who knew or should have known of the inmates' use of a pot with a hole in it to boil water.

91.    The personal injuries and damages suffered by Plaintiff **WILSON** were caused solely and proximately as a result of the breach of the foregoing duties owed by defendants to the inmate population at the **JAIL**, including Plaintiff **WILSON**.

92.    As a direct and proximate result of the negligence as afore-described, Plaintiff **WILSON** was caused to suffer severe, painful and permanent personal injuries, sustained severe nervous shock, mental anguish and great physical pain and was unable to attend to his normal activities.

93.    By reason of the foregoing plaintiff **WILSON** has been damaged.

94.    WHEREFORE, plaintiff **ROBERT C. WILSON** demands judgment against the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10, ACS, GDL, KEEFE** and **ABC ENTITIES 1-5,** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

## FOURTH CAUSE OF ACTION
### (EMOTIONAL DISTRESS)

95.    Plaintiff repeats and realleges each and every allegation contained in paragraphs one (1) through ninety-four (94) of the Complaint as if set forth fully herein at length.

96.    On July 4, 2011, defendants collectively and individually, by their agents, servants and their employees and each of them individually engaged in actions intended to inflict severe emotional trauma upon plaintiff **WILSON.**

97.    The trauma was so shocking that no reasonable person could endure it.

19

98.     By reason of the foregoing plaintiff **WILSON** has suffered emotional trauma and has been damaged.

99.     WHEREFORE, plaintiff **ROBERT C. WILSON** demands judgment against the **PUBLIC ENTITY** defendants, **TOLERICO, WASHINGTON, MEYERS, BERDNICK, FAREED, SUPERVISORY OFFICIALS 1-10, CORRECTION OFFICERS 1-10**, **ACS, GDL, KEEFE** and **ABC ENTITIES 1-5,** jointly and severally for compensatory and punitive damages together with interest, costs of suit and attorneys fees.

SHELLEY L. STANGLER, P.C.
Attorney for the Plaintiff

BY: _____
**SHELLEY L. STANGLER, ESQ.**

Dated:  July 2, 2013

### DEMAND FOR JURY TRIAL

Plaintiff demand a trial by jury of all issues so triable.

BY: _____
**SHELLEY L. STANGLER, ESQ.**

Dated:  July 2, 2013

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:24-4, **SHELLEY L. STANGLER, ESQ**. is hereby designated as trial counsel on behalf of the plaintiff in the within matter.

BY: _____
**SHELLEY L. STANGLER, ESQ.**

Dated:  June 26, 2013

20

## CERTIFICATION

**SHELLEY L. STANGLER, ESQ.,** of full age, certifies:

1.**SHELLEY L. STANGLER, P.C.** has been retained to represent plaintiff, **ROBERT C. WILSON,** in connection with the within matter.  I am the attorney in charge of the case.

2.The matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and no other action or arbitration proceeding is contemplated by plaintiffs.

3.There are no other parties who should be joined in this action.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**SHELLEY L. STANGLER, P.C.**

BY: _____
**SHELLEY L. STANGLER, ESQ.**

Dated:  July 2, 2013